T.C. Summary Opinion 2005-152

UNITED STATES TAX COURT

JAMES M. MELTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7880-04S.                    Filed October 17, 2005.

<u>Timothy G. Patterson</u>, for petitioner.

<u>Bradley C. Plovan</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,195 in petitioner's 2001 Federal income tax. The issues are whether petitioner is entitled to a section 151 dependency exemption deduction for two children and a section 24 child tax credit for one child. At the time the petition was filed petitioner resided in Baltimore, Maryland.

## Background

The facts are stipulated. Petitioner was married to Brenda Sue Melton, and they are the parents of two children. In 1990 they were divorced. The Judgment of Divorce provided that the parties are granted "the permanent joint care and custody of * * * [the children] subject to the following arrangements". Petitioner would have custody of the children beginning on Saturday morning through the end of the school day on Monday except for the second weekend of each month. Petitioner had "the right to visit with and have the children with him every Wednesday morning until the end of the school day". The children would spend approximately one-half of their time with each parent on major holidays. Petitioner would have the children the first 2 weeks of July and August of each year. With respect to taxes, petitioner would be "entitled to the Federal and State tax deductions attributed to the children * * * so long as his

support payments entitle him to same under IRS guidelines." The judgment was approved by the attorneys for the parties. Brenda Sue Melton did not sign the judgment.

On his 2001 Federal income tax return petitioner claimed dependency exemption deductions for both children and a child tax credit for one child. Respondent disallowed the dependency exemption deductions and the child tax credit.

Discussion[2]

A.    Dependency Exemption Deduction

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a dependent if the taxpayer provides over half of the support for the dependent. Under section 152(e)(1), in the case of a minor dependent whose parents are divorced, separated under a written agreement, or who have lived apart at all times during the last 6 months of the calendar year, and together provide over half of the support for the minor dependent, the parent having custody for a greater portion of the calendar year (custodial parent) generally shall be treated as providing over half of the support for the minor dependent.

Petitioner contends that he is the custodial parent. He argues that in computing which parent had greater custodial time, the time set forth in the Judgment of Divorce should be

---

[2]    We decide the issues in this case without regard to the burden of proof. See Higbee v. Commissioner, 116 T.C. 438 (2001).

considered his time and then one-half of the remaining time is his custodial time. We disagree. We believe that the former wife had custody during the times not specifically set forth in the judgment. Petitioner is not the custodial parent and is not entitled to the dependency exemption deductions under section 152(e)(1).

A noncustodial parent may be entitled to the exemption if one of three exceptions in section 152(e) is satisfied. The only exception relevant to this case is contained in section 152(e)(2). Section 152(e)(2) provides that a child shall be treated as having received over half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984),[3] further provides:

> The written declaration may be made on a form to be provided by the Service for this purpose. * * *

---

[3] Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996).

Pursuant to the regulations, the Internal Revenue Service issued Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, as a way to satisfy the written declaration requirement of section 152(e)(2). Form 8332 instructs the taxpayer to provide (1) the names of the children for whom exemption claims were released, (2) the years the claims are released, (3) the signature of the custodial parent to confirm their consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption. If Form 8332 is not used, a statement conforming to the substance of Form 8332 must be used. See Miller v. Commissioner, 114 T.C. 184 (2000); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

Petitioner did not attach a written declaration, Internal Revenue Service form, or other statement signed by the custodial parent to his return. See sec. 152(e)(2)(A) and (B). Petitioner, therefore, did not establish entitlement to the dependency exemption deductions for the year in question. See Paulson v. Commissioner, T.C. Memo. 1996-560.

Although the Judgment of Divorce provides that petitioner may be entitled to the dependency exemption deduction, it cannot by its own terms determine issues of Federal tax law. See Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United

States, 783 F.2d 966 (10th Cir. 1986); Neal v. Commissioner, T.C. Memo. 1999-97; Nieto v. Commissioner, T.C. Memo. 1992-296. Petitioner's remedy is to enforce the former wife's compliance with an order from the State court.

B.    Child Tax Credit

Section 24(a) provides that a taxpayer may claim a child tax credit for "each qualifying child".  As relevant here, a qualifying child is defined as an individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Sec. 24(c)(1)(A).  Petitioner did not establish entitlement to a dependency exemption deduction under section 151; therefore, he is not entitled to claim the child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for respondent.